IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| STEPHANIE VEGODA, WIFE; AND JEFFREY ABRAMOWITZ, HUSBAND;<br><br>Plaintiffs,<br><br>vs.<br><br>FCA US LLC, VICTORY CHRYSLER DODGE JEEP RAM, LLC, VICTORY AUTOMOTIVE GROUP, LLC,<br><br>Defendants, | 2:25-CV-00346-MJH |

OPINION

Plaintiffs, Stephanie Vegoda and Jeffrey Abramowitz, commenced this proceeding, *pro se*, by filing a Complaint against Defendants, FCA US LLC, Victory Chrysler Dodge Jeep Ram, LLC, and Victory Automotive Group, LLC. (ECF No. 1). The Complaint alleges state law claims for Fraud, the Pennsylvania Unfair Trade Practices and Consumer Protection Law, Promissory Estoppel, Unjust Enrichment, Negligent Misrepresentation, and Conspiracy. *Id*.

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a court, *sua sponte*, to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction is the Court's authority to hear a case. Generally, subject-matter jurisdiction arises through the assertion of a federal question or through the diversity of the parties. If a case, as presented by the plaintiff, does not meet the requirements of subject-matter jurisdiction or if it is otherwise barred by law, then the Court must dismiss the plaintiff's action. Importantly, the court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from the defendant." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Federal courts cannot exercise jurisdiction where Congress has not given it, even if

all parties assume subject matter jurisdiction exists. *Hartig Drug Co. Inc. v. Senju Pharm. Co. Ltd.*, 836 F.3d 261, 267 (3d Cir. 2016).

In their Complaint, Ms. Vegoda and Mr. Abramowitz plead that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, i.e. diversity jurisdiction. Subject matter jurisdiction based upon diversity jurisdiction is defined by statute in relevant part as follows:

> **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> **(1) citizens of different States**

28 U.S.C. § 1332(a)(1) (emphasis added).

Here, Plaintiffs plead they are residents of Pennsylvania. (ECF No. 1 at ¶¶ 1, 2). They also plead that Defendants, Victory Chrysler Dodge Jeep Ram, LLC, and Victory Automotive Group, LLC, are Pennsylvania Limited Liability Companies with Pennsylvania addresses. *Id*. at ¶¶ 3, 5. Thus, upon the face of Plaintiffs' Complaint, Plaintiffs and two defendants are citizens of the same state, the Commonwealth of Pennsylvania. Therefore, diversity jurisdiction is not supported under 28 U.S.C. § 1332(a)(1). Without subject matter jurisdiction based upon diversity, Plaintiffs Complaint asserts no other basis for this Court's jurisdiction.

Accordingly, this Court will, *sua sponte*, dismiss Plaintiffs' Complaint pursuant to its authority under Fed. R. Civ. P. 12(b)(1). A separate order will follow.

DATED this 12th day of March, 2025.

BY THE COURT:

Marilyn J. Horan
United States District Judge

Via U.S. Mail:

Stephanie Vegoda
Jeffrey Abramowitz
142 Big Springs Road
Acme, PA 15610